```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

BURTON HAGWOOD, et al.,          :
                                 :   Civil Action No. 08-6010 (RBK)
            Plaintiffs,          :
                                 :
       v.                        :   **MEMORANDUM OPINION**
                                 :
WARDEN, et al.,                  :
                                 :
            Defendants.          :

**APPEARANCES**:

Plaintiffs pro se
Burton Hagwood
Laurier Doyon
Omar Bennett
Vincent Lattanzio
Scott Burhyte
Michael Jackson
Fort Dix Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

**KUGLER**, District Judge

   Plaintiffs Burton Hagwood, Laurier Doyon, Omar Bennett, Vincent Lattanzio, Scott Burhyte, and Michael Jackson, prisoners confined at the Federal Correctional Institution at Fort Dix, New Jersey, seek to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

   Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial

requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiffs may not have known when they submitted the complaint that they must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff Vincent Lattanzio has previously incurred at least one strike. See Lattanzio v. Holt, Civil Action No. 08-0139 (M.D. Pa.). Plaintiff Michael Jackson has previously incurred at least one strike. See Jackson v. Bureau of Prisons, Civil Action No. 06-3098 (E.D. N.C.).

In this action, only Plaintiffs Burton Hagwood, Laurier Doyon, Vincent Lattanzio, Scott Burhyte, and Michael Jackson submitted applications for leave to proceed in forma pauperis. Plaintiff Omar Bennett neither prepaid the filing fee nor submitted an application for leave to proceed in forma pauperis. None of the Plaintiffs submitted a complete in forma pauperis

3

application as required by 28 U.S.C. § 1915(a)(1), (2). Specifically, none included a certified six-months institutional account statement. <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

The allegations of the Complaint do not suggest that Plaintiffs are in imminent danger of serious physical injury. Accordingly, the applications for leave to proceed <u>in forma pauperis</u> will be denied.

In addition, Rule 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of tr4ansactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20.  In <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that

4

statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions. 391 F.3d at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. See Wasko v. Allen County Jail, 2006 WL 978956 (N.D.Ind. 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These two district courts have also noted that jail

5

populations are notably transitory, making joint litigation difficult. A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233, *4.

This Court finds the reasoning of these district courts persuasive. Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.

In addition, Plaintiffs here have asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2). Specifically, the individual plaintiffs have submitted affidavits describing different medical conditions that they allege are a result of prison conditions. In addition, to the extent a prisoner challenges prison conditions, the prisoner must exhaust his administrative remedies before bringing his claims to federal court. See 42 U.S.C. § 1997e. Only two plaintiffs, Burton Hagwood and Scott Burhyte, have indicated that they have made any attempt to exhaust their administrative remedies.

Joinder of Plaintiffs' claims, however, would permit all Plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one Plaintiff states a claim, because § 1915(g) imposes a

6

strike only if the entire action is dismissed.  For all of the foregoing reasons, joinder is not appropriate.

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just."  It would not be just merely to dismiss all but the lead Plaintiff, Burton Hagwood, from this case.  Instead, this Court will direct the Clerk to open a separate case for each of the other Plaintiffs in this action.  Because none of the Plaintiffs has satisfied the filing fee requirement, by pre-paying the filing fee or by submitting an application for leave to proceed in forma pauperis, each such new separate case will be administratively terminated.  Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims.

Nothing in this Opinion should be construed as precluding any or all of the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

CONCLUSION

For the reasons set forth above, Plaintiffs' applications for leave to proceed in forma pauperis will be denied without prejudice, each Plaintiff will be granted leave to proceed with his claims in an individual action, and the Clerk of the Court will be ordered to administratively terminate this action and all new separate actions, without filing the complaint or assessing a

filing fee. Plaintiffs will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.

S/Robert B. Kugler  
Robert B. Kugler  
United States District Judge

Dated: 2/19/09

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).